FILED
2007 Sep-27 PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

07 SEP 21 PM 1:41

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWEST DIVISION

| | | |
|---|---|---|
| **DONALD RAY HORTON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** ____________ |
| | ) | CV-07-C-1732-NW |
| **DAVOL, Inc. and C.R. BARD, Inc;** | ) | |
| **Defendants.** | ) | |

# COMPLAINT

## JURISDICTION

1. Plaintiff Donald Ray Horton is a resident citizen of Lauderdale County, Alabama. Plaintiff's claims accrued in whole or in part in Lauderdale County, Alabama. Defendants are corporations which have been at all pertinent times, and are currently, engaged in business, directly or by authorized agent, in Lauderdale County, Alabama. Jurisdiction and venue are proper in this Court.

2. This case is brought pursuant to 28 U.S.C. § 1332 (a) as there exists complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

## PARTIES

3. Plaintiff, Donald Ray Horton is over the age of 19 years and is a resident citizen of Lauderdale County, Alabama.

4. Defendant, Davol, Inc. (hereinafter "Davol") is a corporation with its headquarters and principal place of business located in Rhode Island. At all times relevant herein, Davol was in

the business of designing, testing, manufacturing, distributing, marketing, and/or promoting certain medical products, including the Kugel Mesh Patch. Defendant Davol does business in Alabama and at all times material hereto marketed, promoted, warranted and sold its products, including the Kugel Mesh Patch, in Alabama.

5. Defendant, C.R. Bard, Inc. (hereinafter "Bard") is a corporation with its headquarters and principal place of business located in New Jersey. At all times relevant herein, Bard was in the business of designing, testing, manufacturing, distributing, marketing, and/or promoting certain medical products, including the Kugel Mesh Patch. Defendant, Bard does business in Alabama and at all times material hereto marketed, promoted, warranted and sold its products, including the Kugel Mesh Patch, in Alabama.

## GENERAL FACTS AND ALLEGATIONS

6. At all times relevant to this action, Davol and Bard, themselves or by and through their agents, did research, develop, manufacture, create, design, test, label, sterilize, package, distribute, supply, market, sell, promote, sell, advertise, warn and/or otherwise distribute in interstate commerce the product Kugel Mesh Patch.

7. Defendant Davol designed, manufactured and distributed the Kugel Mesh Patch, a hernia mesh patch that was inserted into Plaintiff's body.

8. Defendant Davol, through its agents, servants, and employees, participated in the manufacture and delivery of the Kugel Mesh Patch that was inserted into Plaintiff's body.

9. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDAD") on January 22, 2001. Following this 510k Application the Kugel Mesh Patch was authorized by the FDA as a Class II medical device.

10. Mr. Horton underwent surgery in March 2006, a Kugel Mesh Patch was implanted and anchored to the Plaintiff's colon.

11. Plaintiff has suffered and will continue to suffer physical pain and suffering as well as severe mental anguish.

12. Mr. Horton has incurred substantial medical bills.

13. The Kugel Mesh Patch hernia repair product implanted in Mr. Horton was designed, manufactured, sold and distributed by Davol to be used by surgeons for hernia repair surgeries and was further represented by Davol to be an appropriate, cost-effective and suitable product for such purpose.

14. FDA Class I recalls are issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health.

15. On December 22, 2005, Davol recalled many sizes of Kugel Mesh Patches under a Class I recall notice. Upon information and belief, this included the product manufactured and used in Mr. Horton's procedure.

16. The Kugel Mesh Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intential fistulai, bowel perforation and even death have been reported.

17. On March 31. 2006, the initial Class I recall on the Kugel Mesh Patch was expanded to include other types of Kugel Mesh Patch grafts used in hernia repair.

18. Davol also issued an alert to healthcare professionals on March 24, 2006 with advice regarding patients who may have the Bard Composix Kugel Mesh Patch. In the letter, Davol urged any physicians or surgeons whose patients had been given the Bard Composix Kugel Mesh Patch to

identify those patients, communicate the dangers about the patch with them, examine them for any reactions, evaluate their situation before and after removing the patch, and report any findings to Davol and FDA.

19. On January 10, 2007, Davol/Bard expanded an earlier recall to include additional product codes.

20. Davol/Bard withdrew a large number of Kugel Mesh Patches from the marketplace as a result of the high complication and failure rate of the product.

21. Upon information and belief Davol and Bard failed to comply with the FDA application and reporting requirements.

22. Upon information and belief Davol and Bard were aware of the high degree of complication and failure rate associated with their Kugel Mesh Patch before it was recalled.

23. Upon information and belief Davol and Bard were aware of the defect in manufacture and design prior to the recall of their Kugel Mesh Patch.

24. Had Plaintiff known of the full extent of the risks and dangers associated with the Kugel Mesh Patch, Plaintiff would not have had the product implanted.

25. The Defendants Davol and/or Bard knew or should have known that the Kugel Mesh Patch created significant risks of serious injuries or additional surgery. Defendants failed to adequately warn consumers and physicians about the special and/or serious health risks and serious problems associated with the use of the Kugel Mesh Patch.

## SPECIFIC ALLEGATIONS REGARDING PLAINTIFF

26. Plaintiff Donald Ray Horton suffers from Crohn's Disease. Upon information and belief, Plaintiff Donald Ray Horton received the Kugel Mesh Patch through surgery performed in 2006, prior to the Defendant's recall of the product. As a direct and proximate result of the implant of Kugel Mesh Patches, Plaintiff was caused to suffer physical injuries including, the requirement of subsequent surgery to remove the Defendants' defective Kugel Mesh Patches.

## COUNT I
## VIOLATION OF THE ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

27. The Plaintiff hereby adopts and incorporates by reference all of the above allegations.

28. At all times material hereto, Defendants have engaged in the business of selling, distributing, designing, assembling, marketing, and promoting the Kugel Mesh Patch for hernia repair surgery. The Kugel Mesh Patch is unreasonably dangerous, and is therefore defective.

29. The Kugel Mesh Patches are subject to the Class I recall were defective because they failed to perform in a safe and effective manner. Mr. Horton's Kugel Mesh Patch was a Class I recall device that, because of its defective condition, failed, causing him to develop serious physical complications previously described herein.

30. At all times material hereto, the Kugel Mesh Patch was sold, distributed, manufactured, designed, assembled, promoted, and marketed by the Defendants and was expected to reach and did reach consumers, including the Plaintiff, without substantial change in the condition in which it left the possession of the Defendants.

31. The Kugel Mesh Patch implanted into Mr. Horton was being used in a manner reasonably anticipated at the time it was implanted by his surgeon.

32. At all times hereto, the Kugel Mesh Patch was unreasonably dangerous, and therefore defective, because:

a. the Kugel Mesh Patch was sold in a defective condition by design and manufacure;

b. the Kugel Mesh Patch as designed and manufactured was unsafe;

c. the Kugel Mesh Patch as designed and manufactured was unreasonably dangerous;

d. the Kugel Mesh Patch did not perform safely as an ordinary consumer/patient would expect;

e. the Kugel Mesh Patch as designed and manufactured was unsafe for its intended use;

f. Davol and Bard failed to warn the end user about the dangers and risks associated with the Kugel Mesh Patch;

g. Davol and Bard knew the component parts of the Kugel Mesh Patch as implemented through design and/or manufacture could cause injury to the end user;

h. Davol and Bard failed to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Mesh Patch to withstand foreseeable stresses known to be encountered within the intra-abdominal space;

i. Davol and Bard failed to design a patch which could avoid migration from the initial site of the hernia repair surgery;

j. any other facts of failures to act by Davol and Bard regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Mesh Patches for hernia repair surgery, as will be learned through discovery;

33. At all times relevant hereto, there existed safer methods and products for repairing the condition suffered by the Plaintiff.

34. Davol's and Bard's conduct in continuing to market, sell and distribute the Kugel Mesh Patch after obtaining knowledge they were defective, reflects a callous or a conscious disregard for the safety of others, justifying an award of punitive damages for aggravating circumstances in such a sum that will serve to deter Davol and Bard from similar conduct in the future.

35. As a direct and proximate result of the actions and inactions of the Defendants as set forth above, Plaintiff sustained injuries and is entitled to damages enumerated below.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount to be determined by the jury, plus costs.

## COUNT II
## FAILURE TO WARN

36. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

37. Kugel Mesh Patch was defective and unreasonably dangerous when it left the possession of the Defendants Davol and Bard in that it contained inadequate and insufficient

warnings to alert the medical community, physicians and/or consumers, including the Plaintiff, of the dangerous risks and adverse effects associated with the use of the Kugel Mesh Patch.

38. Moreover, the Defendants Davol and Bard owed a duty to accurately and reasonably warn of adverse side effects as a result of utilizing the Kugel Mesh Patch. The Defendants Davol and Bard were negligent and breached this duty by failing to sufficiently; properly and adequately warn the medical community, physicians and/or consumers, including the Plaintiff of the adverse effects associated with the use of the Kugel Mesh Patch.

39. Plaintiff used the Kugel Mesh Patch for its intended purpose.

40. Plaintiff could not have discovered any defective and unreasonably dangerous condition of the Kugel Mesh Patch through the exercise of reasonable care.

41. The Defendants Davol and Bard, as testers, designers, manufacturers, promoters, marketers, and/or distributors of products, are held to the level of knowledge of an expert in the field. Further, Defendants had knowledge or should have had knowledge of the dangerous risks and serious adverse side effects of Kugel Mesh Patch.

42. Plaintiff did not have the same knowledge as the Defendants and no adequate warning was communicated to Plaintiff prior to the surgical implant into Plaintiff's body.

43. The Defendants Davol and Bard had a continuing duty to warn the medical community, physicians and/or consumers, including the Plaintiff, of the adverse risks and dangers associated with use of Kugel Mesh Patch. Defendants breached their duty by negligently and/or wantonly failing to adequately, accurately and sufficiently warn of the dangers associated with use of Kugel Mesh Patch.

44. As a direct and proximate result of the actions, inactions, and conduct of the Defendants, Plaintiff suffered injuries and/or damages including, but not limited to:

a. Subsequent surgery and hospitalization;
b. Damage and/or degeneration of Plaintiff's colon from multiple surgeries;
c. Past and future expenses for medical treatment;
d. Mental anguish;
e. Physical pain and suffering;
f. Permanent injury; and
g. Loss of enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, both compensatory and punitive, in an amount to be determined by struck jury as well as all costs of this action.

**COUNT III**
**BREACH OF WARRANTY OF MERCHANTABILITY**

45. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

46. When the Defendants Davol and Bard placed Kugel Mesh Patch into the stream of commerce, they knew that the Kugel Mesh Patch would be used as a surgically implanted patch and expressly and impliedly warranted to Plaintiff that the use of this product was safe and effective for its intended purpose.

47. Plaintiff reasonably relied upon the expertise, skill, judgment and knowledge of the Defendants and upon the express and/or implied warranty that Kugel Mesh Patch was of merchantable quality and fit for its intended use as a surgically implanted patch.

48. Kugel Mesh Patch was not of merchantable quality and was not safe or fit for

its intended use because it was unfit for the ordinary purposes for which surgical implants are used, in that it causes injury and/or death.

49. The Kugel Mesh Patch breached express and/or implied warranties because it was unduly dangerous in its expected use and did cause undue injury to the Plaintiff.

50. As a direct and proximate result of actions, inactions, and conduct of the Defendants, Plaintiff suffered injuries and/or damages including, but not limited to:

a. Subsequent surgery and hospitalization;
b. Damage and/or degeneration of Plaintiff's colon from multiple surgeries;
c. Past and future expenses for medical treatment;
d. Mental anguish;
e. Physical pain and suffering;
f. Permanent injury; and
g. Loss of enjoyment of life.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, both compensatory and punitive, in an amount to be determined by struck jury as well as all costs of this action.

## COUNT IV
## STRICT PRODUCTS LIABILITY

51. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

52. At all times material hereto, Defendants Davol and Bard engaged in the business of designing, testing, manufacturing, marketing, advertising, supplying, distributing, promoting and/or selling Kugel Mesh Patches that is defective and unreasonably dangerous.

53. At all times material hereto, Kugel Mesh Patch was designed, tested, manufactured, marketed, advertised, supplied, distributed, promoted and/or sold by the Defendants Davol and Bard

and the Defendants and was expected to reach, and did reach, consumers, including the Plaintiff, without substantial change in the condition in which it left the possession of the Defendants.

54. At all times material hereto, Kugel Mesh Patch was defective and unreasonably dangerous because:

a. When placed in the stream of commerce, Kugel Mesh Patch contained unreasonably dangerous defects and was not reasonably safe as intended to be used, subjecting Plaintiff to risks which exceeded the benefits of the product;

b. When placed in the stream of commerce, Kugel Mesh Patch was defective in design and formulation, making use of the drug more dangerous than an ordinary consumer would expect and more dangerous than risks associated with such products;

c. The product was insufficiently and inadequately tested;

d. The product was not accompanied by adequate instructions and warnings to fully inform, advise, and/or caution the user of the full nature and extent of the risks and dangers associated with its use;

e. The Kugel Mesh Patch designed, tested, manufactured, supplied, sold, promoted, distributed, and/or marketed by Defendants was not accompanied by proper and adequate warnings to physicians and the medical community regarding all possible adverse effects associated with the use of Kugel Mesh Patch and the comparative severity and duration of such adverse effects;

f. The warnings and information provided to the medical community regarding Kugel Mesh Patch did not accurately reflect the symptoms, scope and/or severity of the potential adverse effects; and/or

g. The Kugel Mesh Patch designed, tested, manufactured, supplied, sold, promoted, distributed, and/or marketed by Defendants was defective and unreasonably dangerous due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of injury and death from Kugel Mesh Patch, Defendants failed to provide adequate warnings to physicians or consumers of the product.

55. As a direct and proximate result of the Defendants' conduct and the defective and unreasonably dangerous condition of Kugel Mesh Patch, Plaintiff suffered injuries and/or damages including, but not limited to:

a. Subsequent surgery and hospitalization;
b. Damage and/or degeneration of Plaintiff's colon from multiple surgeries;
c. Past and future expenses for medical treatment;
d. Mental anguish;
e. Physical pain and suffering;
f. Permanent injury; and
g. Loss of enjoyment of life.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, both compensatory and punitive, in an amount to be determined by struck jury as well as all costs of this action.

## COUNT V
## NEGLIGENCE

56. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

57. The Defendants Davol and Bard, at all times material hereto, had a duty to Plaintiff to exercise reasonable care in the design, testing, manufacturing, advertising, marketing, labeling, packaging, distribution, promotion, and/or sale of Kugel Mesh Patch.

58. Defendants negligently designed, tested, manufactured, advertised, marketed, labeled, packaged, distributed, promoted and/or sold, in the state of Alabama, the Kugel Mesh Patch.

59. Defendants breached their duties and were negligent in their actions, inactions, misrepresentations, and/or omissions toward the Plaintiff in the following manner:

a. Failing to adequately and properly test Kugel Mesh Patch before placing it on the market and once the product was on the market;

b. Failing to conduct sufficient and adequate testing on Kugel Mesh Patch which, if properly performed, would have shown that Kugel Mesh Patch had serious adverse effects. including subsequent surgical removal of the product;

c. Failing to adequately and properly warn the Plaintiff, other consumers, the medical community, and/or physicians that use of Kugel Mesh Patch carried a risk of serious adverse effects;

d. Failing to provide adequate and sufficient post-marketing warnings or instructions after Defendants knew or should have known of the significant risks and adverse side effects from utilizing the Kugel Mesh Patch;

e. Failing to use due care in designing and manufacturing Kugel Mesh Patch so as to avoid the aforementioned risks to individuals, including the Plaintiff, when the Kugel Mesh Patch was surgically implanted in Plaintiff;

f. Failing to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of Kugel Mesh Patch and failing to properly and accurately report the results of their clinical trials and studies;

g. Failing to timely advise and inform the public of new information concerning adverse events;

h. Delaying warning of and failing to provide adequate warning about adverse symptoms, thereby depriving the Plaintiff, other consumers, the medical community, and/or physicians of the ability to assess risks, advise and monitor patients and properly monitor, diagnose and treat adverse reactions in patients like and including the Plaintiff.

60. As a direct and proximate result of the negligent actions, inactions, and conduct of the Defendants, Plaintiff suffered injuries and/or damages including, but not limited to:

a. Subsequent surgery and hospitalization;
b. Damage and/or degeneration of Plaintiff's colon from multiple surgeries;
c. Past and future expenses for medical treatment;
d. Mental anguish;
e. Physical pain and suffering;
f. Permanent injury; and
g. Loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, both compensatory and punitive, in an amount to be determined by struck jury as well as all costs of this action.

## COUNT VI
## RECKLESSNESS AND WANTONNESS

61. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

62. The Defendants Davol and Bard, at all times material hereto, had a duty to Plaintiff to exercise reasonable care in the design, testing, manufacturing, advertising, marketing, labeling, packaging, distribution, promotion, and/or sale of Kugel Mesh Patch.

63. Defendants recklessly and/or wantonly designed, tested, manufactured, advertised, marketed, labeled, packaged, distributed, promoted and/or sold, in the state of Alabama, the Kugel Mesh Patch.

64. Defendants breached their duties and were reckless and/or wanton in their actions, inactions, misrepresentations, and/or omissions toward the Plaintiff in the following manner:

a. Failing to adequately and properly test Kugel Mesh Patch before placing it on the market and once the product was on the market;

b. Failing to conduct sufficient and adequate testing on Kugel Mesh Patch which, if properly performed, would have shown that Kugel Mesh Patch had serious adverse effects, including subsequent surgical removal of the product;

c. Failing to adequately and properly warn the Plaintiff, other consumers, the medical community, and/or physicians that use of Kugel Mesh Patch carried a risk of serious adverse effects;

d. Failing to provide adequate and sufficient post-marketing warnings or instructions after Defendants knew or should have known of the significant risks and adverse side effects from utilizing the Kugel Mesh Patch;

e. Failing to use due care in designing and manufacturing Kugel Mesh Patch so as to avoid the aforementioned risks to individuals, including the Plaintiff, when the Kugel Mesh Patch was surgically implanted in Plaintiff;

f. Failing to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of Kugel Mesh Patch and failing to properly and accurately report the results of their clinical trials and studies;

g. Failing to timely advise and inform the public of new information concerning adverse events;

h. Delaying warning of and failing to provide adequate warning about adverse symptoms, thereby depriving the Plaintiff, other consumers, the medical community, and/or physicians of the ability to assess risks, advise and monitor patients and properly monitor, diagnose and treat adverse reactions in patients like and including the Plaintiff.

65. As a direct and proximate result of the wanton actions, inactions, and conduct of the Defendants, Plaintiff suffered injuries and/or damages including, but not limited to:

a. Subsequent surgery and hospitalization;
b. Damage and/or degeneration of Plaintiff's colon from multiple surgeries;
c. Past and future expenses for medical treatment;
d. Mental anguish;
e. Physical pain and suffering;
f. Permanent injury; and
g. Loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, both compensatory and punitive, in an amount to be determined by struck jury as well as all costs of this action.

**COUNT VII**
**FRAUD, MISREPRESENTATION AND SUPPRESSION**

66. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

67. Defendants fraudulently, intentionally, negligently, and/or wantonly misrepresented to the Plaintiff, other consumers, the medical community, and/or physicians the safety and effectiveness of the drug and/or fraudulently, intentionally, wantonly, and/or negligently concealed material information including adverse information regarding the safety and effectiveness of Kugel Mesh Patch.

68. Defendants made misrepresentations and actively concealed adverse information at a time when the Defendants knew, or should have known, that Kugel Mesh Patch had foreseeable defects, dangers, and/or characteristics that were other than what the Defendants had represented to the Plaintiff, other consumers, the medical community, and/or physicians.

69. The misrepresentations and/or active concealment were perpetuated directly and/or indirectly by the Defendants Davol and Bard, their agents or employees.

70. The Defendants knew or should have known that these representations were false and made the representations with the intent or purpose that the Plaintiff, other consumers, the medical community, and/or physicians would rely on them, leading to the use of the drug by consumers, including the Plaintiff.

71. At the time of Defendants fraudulent misrepresentations, the Plaintiff was unaware of the falsity of the statements being made and believed them to be true. Further, the Plaintiff had no knowledge of the information concealed and/or suppressed by Defendants.

72. The Plaintiff relied on and/or was induced by the misrepresentations and/or active concealment and relied on the absence of safety information which the Defendants did suppress, conceal and/or fail to disclose to the Plaintiff's detriment.

73. Defendants had a post-sale duty to warn, in a timely manner, the Plaintiff, other consumers, the medical community, and/or physicians about the potential risks and/or complications associated with Kugel Mesh Patch.

74. The misrepresentations of and/or active concealment by the Defendants constitute a continuing tort, up to and until the public product recall.

75. Defendants made the misrepresentations and/or actively concealed this information with the intention and specific desire that the Plaintiff, other consumers, the medical community, and/or physicians would rely on such information or the absence of such information in selecting Kugel Mesh Patch.

76. As a direct and proximate result of the fraudulent acts and omissions, suppression and/or misrepresentations of the Defendants, and Plaintiff's reliance thereon, Plaintiff suffered injuries and/or damages including, but not limited to:

a. Subsequent surgery and hospitalization;
b. Damage and/or degeneration of Plaintiff's colon from multiple surgeries;
c. Past and future expenses for medical treatment;
d. Mental anguish;
e. Physical pain and suffering;
f. Permanent injury; and
g. Loss of enjoyment of life.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, both compensatory and punitive, in an amount to be determined by struck jury as well as all costs of this action.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,

Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF S. DANIEL, P.C.
P.O. Box 131323
Birmingham, Alabama 35213

Phone: (205) 531-1287

(Of Counsel)
William Gregory Dobson
MORRISS, LOBER & DOBSON, LLC
Georgia Bar No.: 237770
830 Mulberry Street - Suite 201
Macon, Georgia 31201
Phone: (478) 745-7700

Attorneys for Plaintiff

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

**DAVOL, INC.**
100 Sockanosset Crossroad
Cranston, RI 02920

**C. R. BARD, INC.**
730 Central Avenue
Murray Hill, New Jersey 07974